IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

JEFFREY GALE WAISATH          §

VS.                           §     CIVIL ACTION NO. 1:07cv226

BRAIN S. LAINE                §

MEMORANDUM OPINION

Plaintiff Jeffrey Gale Waisath, an inmate confined at the Van Zandt County Justice Center, Correctional Institutions Division, proceeding *pro se*, filed this lawsuit against Brain S. Laine.

Factual Allegations

Plaintiff alleges that in 2005, he engaged the defendant to represent him in a criminal matter and signed a contract. He states the defendant failed to provide him with proper representation and refused to refund money paid to him under the contract. He states the defendant breached the contract and violated his civil rights.

Standard of Review

An *in forma pauperis* proceeding shall be dismissed pursuant to 28 U.S.C. § 1915A(b) if: (1) it is frivolous, malicious or fails to state a claim upon which relief may be granted or (2) it seeks monetary relief from a defendant who is immune from such relief.

The United States Supreme Court has considered when a complaint is frivolous. In *Neitzke v. Williams,* 490 U.S. 319,

325 (1989), the Court held "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact." The Court went on to say that a claim is legally frivolous under Section 1915) when it is based on "an indisputably meritless legal theory." *Id.* at 327.

A complaint may be dismissed for failure to state a claim if it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41 (1957); *House the Homeless, Inc. v. Widnall*, 94 F.3d 176 (5th Cir. 1996). In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Association*, 987 F.2d 278 (5th Cir. 1993).

## Analysis

*Federal Law Claim*

Plaintiff alleges the defendant violated his civil rights. As a result, plaintiff is asserting a federal law claim against the defendant pursuant to 42 U.S.C. § 1983. However, for the reasons set forth below, plaintiff's federal law claim has no arguable basis in law.

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must show he has been deprived of a federally protected right by a person acting "under color of state law." 42 U.S.C. § 1983; *see also West v. Atkins*, 487 U.S. 42, 48

(1988). An attorney in a criminal case does not act under color of state law, whether he has been appointed or retained. *United States v. Zibilich*, 542 F.2d 259; *Nelson v. Stratton*, 469 F.2d 1155 (5th Cir. 1972), *cert. denied*, 410 U.S. 957, 93 S.Ct. 1432, 35 L.Ed.2d 691 (1973). As the defendant did not act under color of state law while representing plaintiff, the Section 1983 claim against the defendant has no arguable basis in law.

*State Law Claim*

In addition, plaintiff asserts a state law breach of contract claim against the defendant. Federal courts may, under limited circumstances, exercise jurisdiction over claims based on state law pursuant to what is known as supplemental jurisdiction. 28 U.S.C. § 1367(a). However, a federal court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3).

The court is dismissing plaintiff's federal law claim. As a result, the court declines to exercise supplemental jurisdiction over plaintiff's state law claim and will dismiss the claim without prejudice. *See LaPorte Construction Co., Inc. v. Bayshore National Bank of LaPorte, Texas*, 805 F.2d 1254 (5th Cir. 1986) (judicial economy argues against the exercise of supplemental jurisdiction over state law claims if federal law claims are dismissed at the preliminary stage).

## Conclusion

For the reasons set forth above, plaintiff's federal law claim will be dismissed with prejudice as frivolous and his state

law claim will be dismissed without prejudice.  An appropriate final judgment shall be entered.

**SIGNED** this the **26** day of **April, 2007.**

_____
Thad Heartfield
United States District Judge